CHARLES C. CRAVER, Respondent, v. E. L. HOUSE, Appellant.

Kansas City Court of Appeals, June 14, 1909.

1. PRINCIPAL AND AGENT: Agent's Authority: Contracts of Employment. An agent authorized to sell real estate on the terms and at a price fixed by the owner, is not authorized to employ another to sell the property on commission.

2. ————: Ratification: Knowledge. A principal does not ratify the unauthorized act of an agent by accepting the proceeds or fruit thereof, if knowledge of it did not come to him in time to enable him to repudiate the entire transaction without essential injury.

3. ————: ————. Where defendant did not authorize his agent to employ another to procure a purchaser of property by merely authorizing him to sell it on certain terms, the fact that defendant, after he had contracted to sell to the purchaser procured, offered to pay a part of the amount claimed by plaintiff as commission, did not, of itself, constitute a ratification, of his agent's unauthorized act.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

REVERSED.

Craver v. House.

*Cyrus Crane* and *Hardin B. Manard* for appellant.

The court should have sustained the demurrer to the plaintiff's evidence, because in it there was not a word tending to show that F. E. House had any authority to employ C. C. Craver for E. L. House, or that E. L. House in any way ratified any such employment after it was made. The principle is correctly declared in 23 Am. and Eng. Ency. of Law, p. 911. The case of Holmes v. Board of Trade, 81 Mo. 137, was one very similar in the essential points to the case at bar. Smith v. Bank, 120 Mo. App. 549; Winsor v. Lafayette County Bank, 18 Mo. App. 665; Johnson v. Fecht, 94 Mo. App. 622; Clark v. Clark, 59 Mo. App. 532; Hyde v. Larkin, 35 Mo. App. 365; Stuenkle v. Railway, 42 Mo. App. 73; Young v. Crawford, 23 Mo. App. 432. We make the further point that the judgment rendered by the court for $162.50 was not warranted by the pleading. The statement filed in the justice court, which was the only pleading filed, prayed judgment for only $155.25, which included interest up to the date of filing, and did not ask for further interest. We can conceive of no way in which the court could have arrived at the sum of $162.50 as the proper amount for judgment, unless he computed interest to the date of judgment. We assert that such a computation, in addition to being incorrect if intended for interest, was erroneous under the pleading. Kaiser v. Wilhelm, 2 Mo. App. 596; Shockley v. Fischer, 21 Mo. App. 551; Van Riper v. Morton, 61 Mo. App. 440; Shinn v. Wooderson, 95 Mo. App. 6.

*Henry L. Jost* for respondent.

Attorney House being authorized by defendant to sell the real estate, at a fixed sum and upon certain terms, it was within the scope of his authority to employ all usual and suitable means to make a sale, and to engage a broker to do the mere ministerial act of

looking up a purchaser. Hartford, etc., Transp. Co. v. Plymer, 120 Fed. 624; Sanguinette v. Webster, 153 Mo. 343; Clark and Skyles on Agency, p. 778; Meecham on Agency, sec. 193; Bowman v. Lickey, 86 Mo. App. 47; Gaither v. O'Doherty (Ky.), 12 S. W. 306. The action of the court in allowing the plaintiff to treat the suit as one for services rendered, and its finding based on the undisputed testimony that the usual and regular commission was $162.50, was right and proper. Buschman v. Bray, 68 Mo. App. 8; Boyle v. Clark, 63 Mo. App. 473; Walker v. Guthrie, 102 Mo. App. 420.

BROADDUS, P. J.—This is a suit by a real estate agent to recover commission for the sale of defendant's property in Kansas City.

The parties do not differ materially about the facts. As set out in the briefs, they are as follows: In September, 1906, the defendant House owned certain real estate in said city. His son, F. E. House, was an attorney and engaged in the practice of the law. The plaintiff was a real estate broker and had in his employ a Mr. J. H. Hollister. Hollister learned that defendant's property was for sale and found upon inquiry at his place of business that he was out of the city. He was directed to apply to the son, F. E. House. He saw Mr. F. E. House and offered to furnish a purchaser for the property, if it could be purchased for $3,500, terms cash $100, the balance in deferred $30 monthly payments, commission to be paid out of the installments as paid by the purchaser. The son telegraphed to his father for instructions, which in a short time resulted in defendant directing him "to go ahead and sell at that price." Neither plaintiff nor Hollister ever saw either of these telegrams. After receiving the instructions to sell, the son informed Hollister that "the sale could be made" at the price named. Hollister then showed the property

to a Mr. Beeson and induced him to sign a contract for the purchase, the purchaser at the time depositing with plaintiff the sum of $100. The son then gave Hollister directions about getting the abstract of the property. In due time, defendant executed a deed conveying the property to the purchaser, who executed the notes for the deferred payments, which were made payable at the son's house. The execution of the deed was acknowledged by defendant before the son as notary public in Kansas City.

On October 10th, when the papers between defendant and the purchaser had been exchanged, plaintiff drew his check to the order of defendant for the $100, the deposit in his hands as agent of the seller, which was turned over to the son, who endorsed defendant's name thereon, cashed it and accounted for the proceeds, since which time all of Beeson's dealings in reference to the business have been with the son.

At the foot of the contract for the sale of the property is a memorandum fixing the amount of commission and the manner of its payment, which contract was signed by the son. He testified that he did not understand that he was making any agreement as to commission and that he never attempted to do so except as to show it should be paid.

The parties do not agree in every particular as to what was agreed as to the amount of the commission. The son contended that it was agreed that plaintiff was to have $150, which Hollister denies. The regular commission in such cases was $162.50.

The suit was instituted in a justice's court. In the circuit court, plaintiff was allowed without objection on the part of defendant to elect to treat the statement as declaring on a cause of action for services rendered. A jury was waived and the cause was tried before the court which rendered a judgment for plaintiff in the sum of $162.50. The defendant appealed.

The plaintiff asked no instructions. The defendant offered a demurrer to plaintiff's evidence, which the court overruled. The defendant further asked the court to declare the law as follows, "That F. E. House had authority to employ plaintiff to procure a purchaser for defendant is not to be inferred from the fact that he had authority to sell the property in question on certain terms and at certain price."

Also this instruction, "The court declares the law to be that, even though plaintiff performed services which resulted in a sale of the property in question by defendant, plaintiff cannot recover unless defendant either had employed him to perform such service or made the sale with the knowledge that the purchaser had been procured by plaintiff's efforts, and the burden of proving such employment or such ratification is upon plaintiff."

The court gave the first and refused the last declaration.

The only question presented by the appeal is the plaintiff's right to recover under the evidence. It is contended by appellant that F. E. House had no authority from defendant to appoint plaintiff as his agent for the sale of the property and that there was no ratification of such appointment. Plaintiff's position is that such authority existed notwithstanding none was expressly conferred.

It is said, "Where in the execution of the authority an act is to be performed which is of a purely mechanical, ministerial or executive nature, involving no elements of judgment, discretion or personal skill, the power to delegate the performance of it to a subagent may be implied. Thus an agent empowered to execute a promissory note, or to bind his principal by an accommodation acceptance, or to sign his name to a subscription agreement, having himself first determined upon the propriety of the act, may direct another to perform the mechanical act of writing the note or

signing the acceptance or subscription, and the act so performed will be binding upon the principal. So an agent authorized to sell real estate, who exercises his own discretion as to the price and the terms, may employ a subagent to look up a purchaser, and an insurance agent may employ clerks, and authorize them to solicit risks, deliver policies, collect premiums and give credit for the same." Mechem on Agency, sec. 193.

"The authority of the agent is always construed to include the necessary and usual means to execute it properly." [Idem, sec. 194.] And so is the rule expressed in Clark & Skyles on Agency, p. 778.

The question in a somewhat different manner arose in Sanguinette v. Webster, 153 Mo. 343. The court said, "While the defendants were invested by the contract with the power and charged with the duty of selling, the duty to sell was as holders of the legal title for the benefit of the concern, and as such sales are ordinarily best effected through agencies as were here employed, for which commission is usually paid, and as the commission in this instance was a reasonable one, it should have been allowed as part of the expenses contemplated by the contract." The agents employed were real estate agents.

"While an agent may not delegate his authority, yet if he employ a subagent to perform his ministerial duties, such as soliciting loans, the declarations of such subagent while engaged in the transaction are competent evidence against the principal." [Bowman & Co. v. Lickey, 86 Mo. App. 47.]

We are of the opinion that the rule of law that an agent authorized to sell real estate, who is clothed with the discretionary power as to the price and terms, has no application to the facts of the case, for the reason that the price and terms were fixed by the defendant, and that F. E. House was only clothed with the ministerial power to sell at the price and

upon the terms so fixed.   The evidence discloses that
it was not the defendant who was looking for a pur-
chaser, but that a purchaser was seeking defendant to
purchase.   The natural conclusion from the facts is
that the defendant did not authorize any one to pro-
cure a purchaser, but that he was willing to accept
one at his price and upon his terms.

If the judgment is upheld it must be on the ground
that the defendant ratified the act of his agent.   There
is no direct proof of that he did so.   In fact both the
defendant and F. E. House testified that the latter did
not inform defendant that he had employed plaintiff
to procure a purchaser for the house prior to the final
consummation of the sale to the purchaser, by convey-
ance.   Hollister, plaintiff's agent, referred to the fact
that defendant had offered to pay $75 on plaintiff's
demand.   It was excluded as it was an offer to com-
promise.   He was then asked as follows:  "When this
offer was made by Mr. House to pay seventy-five dol-
lars to your people or to you, was there anything said
at that time about any compromise?  Were you not ask-
ing him to pay $150, and he told you he would pay
you $75?  Wasn't that about it?"  A.  "That is what
he said, that he would give me a check for it or give
us a check for it instead of waiting for it to come
in on the notes."

Plaintiff claims however that the judgment can be
upheld on the ground that the defendant ratified the
act of his agent in carrying out the contract.   The
defendant, it is true, ratified the contract of sale made
by his agent and conveyed the property to the pur-
chaser; but in so doing we are not to consider that he
ratified his act in employing plaintiff to find a pur-
chaser for it.   He was bound to comply with the con-
tract in that respect, because he had authorized
it to be made.   But there is no direct evidence to the
effect that he then knew of plaintiff's employment.   If

138  App.—17

he had read the contract he would have been informed that plaintiff had been so employed. But we do not think that had he done so that it goes to prove ratification. The rule in such cases is stated thus: "A principal does not ratify the unauthorized act of his agent by accepting the proceeds or fruit thereof, if knowledge of it did not come to him in time to enable him to repudiate the entire transaction without essential injury." [Clark v. Clark, 59 Mo. App. 532.] The proof that defendant offered to pay $75, in our opinion does not tend to show ratification. He did not thereby recognize the contract as binding. It was only an offer to pay a disputed claim.

As the judgment is not sustained by the evidence the cause is reversed. All concur.